29   251
17ap247

## REESE CARPENTER, RESPONDENT, v. WASHINGTON J. BUTLER, APPELLANT.

*Judgment — an assignee of it may sue thereon without first obtaining leave from the court — Code of Civil Procedure, secs. 1909, 1912, 1913.*

One who has acquired title to a judgment of a court of this State by virtue of an assignment from a foreign administrator of the judgment creditor, may maintain an action thereon in his own name, without first procuring leave from the court so to do.

APPEAL from a judgment in favor of the plaintiff, entered upon an order overruling a demurrer interposed to the complaint.

*August Reymert*, for the appellant.

*W. S. Logan*, for the respondent.

DYKMAN, J.:

The questions in this case come up on a demurrer to a complaint which was overruled below. The facts stated and admitted are that Simon H. Mitchell recovered a judgment in the city court of Brooklyn against the defendant for $463.40, on the 21st day of December, 1874. That Mitchell died in January, 1875, in the State of Connecticut, and that letters of administration were issued to his widow, who, as such, assigned this judgment to the plaintiff who now owns the same.

The argument in favor of the demurrer is that because the judgment was not rendered by default, and no leave has been granted to bring this action, it cannot be maintained. For this position reliance is made on section 1913 of the Code, which is as follows: "Except in a case where it is otherwise specially prescribed in this act, an action upon a judgment for a sum of money rendered in a court of

record of the State, cannot be maintained between the original parties to the judgment unless either : 1st. It was rendered against the defendant by default for want of an appearance or pleading, and the summons was served upon him otherwise than personally ; or, 2d. The court in which the action is brought has previously made an order granting leave to bring it."

The aim of this statute is to prohibit vexatious actions on judgments, but the inhibition extends only to the parties. There is no indication of intention to extend the prohibition to other parties, and there is no reason for an implication of it. The mischief intended to be obviated by this statute is prevented by this construction, and no reason exists for extending the interdiction to honest assignees. There are many reasons why such new owners of judgments should renew the same by action. The record will thus be made to stand in their own name free from the interference of the original plaintiff, and execution may be issued to enforce the judgment at the pleasure of the actual party in interest, and remain under his control. The cases of *Wheeler* v. *Dakin* (12 How., 537); *Smith* v. *Britton* (45 id., 428) ; and *Tufts* v. *Braisted* (4 Duer, 607) furnish support for these views.

This disposes of the only question before us that rises to any dignity, for if the action can be maintained by the plaintiff as assignee, then he has legal capacity to sue and the court has jurisdiction of the action.

The judgment appealed from should be affirmed, with costs.

BARNARD, P. J., and CULLEN, J., concurred.


CULLEN, J. :

Concededly prior to the present Code, this action could have been maintained, for the action not being between the original parties leave to sue on the judgment was unnecessary (*Smith* v. *Britton*, 45 How., 428 ; *Wheeler* v. *Dakin*, 12 id., 537), and the assignee of a foreign administrator could sue in his own name on the assigned claim. (*Petersen* v. *Chemical Bank*, 32 N. Y., 21.)

But it is claimed that by section 1909 (Code) an action can now be brought by an assignee only under the same circumstances which would have entitled the assignor to sue.

This is not so. The section cited provides that the assigned claim shall be subject to any defense existing against the assignor. The rule that a foreign executor cannot sue in our courts is a mere personal disability. It is not a defense to the claim. If the leave of court constitutes a part of the cause of action in a suit on a judgment, as held in *Farish* v. *Austin* (25 Hun, 430), then section 1909 must be considered as limited by sections 1912 and 1913, which prescribe such leave only in actions between the original parties.

The judgment appealed from should be affirmed, with costs.

Judgment and order overruling defendant's demurrer affirmed, with costs.